LYNCH v. TOWN OF RHINEBECK.

(Supreme Court, Appellate Division, Second Department. February 16, 1912.)

Appeal from Trial Term, Dutchess County.

Action by Margaret Lynch against the Town of Rhinebeck. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

George Esselstyn (Charles Morschauser and A. Lee Wager, on the brief), for appellant.

Gaius C. Bolin (George Wood, on the brief), for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

JENKS, P. J., and CARR, WOODWARD, and RICH, JJ., concur.

THOMAS, J. (dissenting). The plaintiff, injured by stepping into a dangerous hole in defendant's street, has recovered a verdict. The liability of the town, as alleged, is based on the negligence of one Leary, who, by some authority, caused the work to be done. Aside from exceptions to the admission of evidence, the sole question is whether Leary was a town superintendent, inasmuch as only the negligence of such official can create liability on the part of the town. Highway Law (Laws 1909, c. 30 [Consol. Laws 1909, c. 25]) § 74, art. 4. The highway law was enacted in February, 1909, at which time one Staley was commissioner of highways, and Leary was by him deputed to do work in the locality in question. After the highway law came, Staley was elected town superintendent of highways, pursuant to it. Section 40, art. 4. Section 44 of such article is as follows:

"The town board of a town may, in its discretion, upon the written recommendation of the town superintendent, appoint a deputy town superintendent, to be nominated by such town superintendent, to assist him in the performance of his duties. Such deputy superintendent shall act as such during the pleasure of the town superintendent."

It will be observed that the duties of the deputy superintendent are, in their nature, those of the superintendent, and there is force in the contention that the negligence of the deputy in regard to such duties may make the town liable under section 74, art. 4, of the highway law. But Leary was not a deputy superintendent. That officer is appointed by the town board upon the nomination of the superintendent. There is no evidence that Leary was either nominated or appointed. He was a person hired by the town superintendent to take charge of work in a road district. The learned trial court considered that the negligence of Leary was that of the superintendent. The liability of the town is purely statutory, and it is not contemplated that the negligence of a person working under the superintendent shall be imputed to him, even if the negligent act relate to superintendence.

The duties of the superintendent are many and varied, and their discharge may require many widely diversified acts of operation and of superintendence on the part of a number of persons distributed through the town. But it is not conceivable that the statute by its limited words intended that the culpability of a person who is a mere overseer should reach through the superintendent to the town, so as to charge it with liability.

The judgment and order should be reversed, and the complaint dismissed, with costs.